UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

MICHAEL B. WHITE
and DARLA K. WHITE,
    Debtors.
_____/

Case No. 13-21977-dob
Chapter 7 Proceeding
Hon. Daniel S. Opperman

COLLENE K. CORCORAN,
    Plaintiff,

v.

MICHAEL B. WHITE
and DARLA K. WHITE,
    Defendants.
_____/

Adversary Proceeding
Case No. 14-2121-dob

## TRIAL OPINION

### Introduction

The Plaintiff, Collene Corcoran[1], through her counsel, Thomas Budzynski, filed a Complaint to deny the discharge of the Debtors. For the sake of brevity, the relevant portions of the Plaintiff's Complaint are:

    6. That the debtors initially filed a Chapter 11 case which was converted to a Chapter 7.

    7. That the conversion of the case is on appeal, but the court denied a stay of proceedings which specifically noted that the trustee was to proceed with administration of the estate.

    8. That the debtors have ignored the court order and have continued to interfere with the administration of the estate.

---

[1] Ms. Corcoran is the appointed Chapter 7 Trustee in this matter and hired counsel to represent her in this matter. Ms. Corcoran has appropriately delegated authority to her counsel, but recently has substituted as counsel given the retirement of previous counsel. For any event up to January 5, 2016, in this proceeding, the pleadings and actions are those of counsel, not Ms. Corcoran.

1

9. The debtors have commenced lawsuits regarding property of the estate.

10. The debtors have falsely scheduled assets which do not exist or have been terminated. As an example, the debtors claim to have an interest in a sand and gravel lease. The interest however was recorded after a mortgage on the real estate. The mortgage has been foreclosed on which terminated the sand and gravel lease interest. The debtors, in contravention of Michigan Law, continue to claim that they have rights which survive the mortgage foreclosure.

11. The debtors were and are purchasing a parcel of property on a land contract. The contract was entered into in 2005. The debtors have filed an adversary regarding property of the estate, which not only interferes with the administration of the estate, states causes of action which are beyond any appropriate statute of limitations. That further, the debtors make wild and unfounded accusations such as, the land contract vendor is not going to tender a deed, is required to perform functions that were long ago done based upon information and belief, or which in fact are not required to be done until contract completion. On information and belief, the debtor purchased the property in an "as is" condition, but has failed to provide documents to the trustee. The debtor is in default on the contract and has in fact rejected same pursuant to provisions of 11 USC 365.

12. Giving some consideration to the fact that these debtors are in pro per, that does not allow the debtors to interfere with the administration of the estate nor follow the law.

13. That the debtors have made false oaths as to assets, the sand and gravel lease being one example, failed to provide to the trustee recorded documents relative to their property, makes false statements regarding property interests, makes false statements as to joint debts, has failed to obey a lawful order of the court, the interference with the administration of the estate being only one example.

14. That the debtor, with intent to defraud, hinder and delay the trustee, has concealed, misrepresented, and falsified records and failed to properly preserve records.

15. That the actions of the debtor constitute violations of 11 USC 727 and the various provisions thereof to the extent that denial of discharge is proper.

As a result, the Plaintiff seeks the following relief:

WHEREFORE, your trustee herein requests that the court deny the debtors a discharge, and award the estate the costs interest and fees so wrongfully sustained.

The Defendants denied the allegations in paragraphs 7-15 of the Plaintiff's Complaint and

the Plaintiff's request for relief. Since this proceeding was filed, Defendant Darla White has passed away, and Defendant Michael White has continued the defense of this matter.

Approximately two months before Trial, the Plaintiff asserted that the Defendant is not entitled to a discharge under 11 USC § 727(a)(2), (3), (4), (5), (6), and (7)(d)(e) in her Final Pretrial Statement, which the Defendant did not sign. Instead, the Defendant prepared his own Final Pretrial Statement. To break the disagreement between the Plaintiff and the Defendant, the Court combined the statements of each party, primarily to organize the Trial of this matter.

Trial of this proceeding was held on October 16, 2015. The Defendant testified and exhibits were admitted. From the Trial and after reviewing Post Trial Briefs, this Court makes the following findings of fact.

## Findings of Fact

The Defendant, with his wife, Darla, was involved in many diverse business enterprises, including real estate, sand and gravel extraction, farming, and the sale of goods on the internet. Unfortunately, Darla White became sick and suffered a number of ailments and experiences that ultimately took her life. For the last few years of her life, she, as well as the Defendant, were engaged in a series of efforts to enforce her rights, both in contract and tort. Nearly all of these efforts failed.

Unrelated to her health, but directly connected to this case, is a long standing dispute between the Whites and Frankenmuth Credit Union ("FCU") regarding a debt owed by the Whites that was secured by a mortgage on their house. FCU started judicial proceedings in Saginaw County Circuit Court and a judgment of foreclosure was entered against the Whites and in favor of FCU. At the same time, the Whites learned that the Sixth Circuit Court of Appeals denied their appeal regarding an insurance claim that the Whites hoped would net them over $100,000. As they saw it,

the Debtors believed they needed to file a Chapter 11 proceeding and they did so, without an attorney, in July of 2014.

As alleged by the Plaintiff, the Defendant's papers filed with the Court are often difficult to parse, an endeavor made more difficult by Mr. White's beliefs as to the State of Michigan and Federal bankruptcy law. After retaining an attorney and then not following that attorney's advice such that the attorney needed to withdraw, the Debtors filed a proposed Disclosure Statement and Chapter 11 Plan, but the Court did not approve the disclosure statement or confirm the Chapter 11 plan. Thereafter, the United States Trustee moved to convert the proceeding to Chapter 7, and the Court granted that request.

After appointment as the Trustee's counsel, counsel engaged in a series of actions designed to get information from the Debtors and liquidate assets. In some instances, the Defendant cooperated, in others, he did not, often by providing some, but not all information and by relying on legal precedent the Defendant believed accurate. In turn, Plaintiff's counsel filed pleadings with this Court, the Defendant would object, and a hearing held. On other occasions, the Defendant amended Schedules, such as exemptions, causing the Trustee and her counsel to file objections.

Despite these actions, the Trustee has liquidated some assets and administered the estate as best as she can.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J) (objections to discharges).

## Applicable Statutes

11 U.S.C. § 727(a)(2)

Section 727(a) of the Bankruptcy Code provides that a debtor is entitled to a discharge unless an exception applies. Although exceptions to discharge are strictly construed against a creditor, *see Rembert v. AT&T Universal Card Servs., Inc. (In re Rembert),* 141 F.3d 277, 281 (6th Cir. 1998), "a discharge in bankruptcy is a privilege, not a right, and should only inure to the benefit of the honest debtor." *Wazeter v. Michigan National Bank (In re Wazeter)*, 209 B.R. 222, 226 (W.D. Mich. 1997). Pursuant to Federal Rule of Bankruptcy Procedure 4005, the burden of proof in objecting to a discharge under Section 727 is on the plaintiff and must be established by a preponderance of the evidence. *Barclays/American Bus. Credit, Inc., v. Adams (In re Adams)*, 31 F.3d 389, 394 (6th Cir. 1994).

11 U.S.C. 727(a)(2) states:

> (a) The court shall grant the debtor a discharge, unless –
>
>> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed –
>>
>>> (A) property of the debtor, within one year before the date of the filing of the petition; or
>>>
>>> (B) property of the estate, after the date of the filing of the petition.

In order to deny a debtor his discharge, § 727(a)(2) requires that four elements be proven: (1) transfer of property; (2) belonging to the debtor; (3) within one year of filing the bankruptcy petition; and (4) with actual intent to hinder, delay, or defraud creditors or an officer of the estate. *See, e.g., In re Halperin*, 215 B.R. 321 (Bankr. E.D.N.Y. 1997).

Because a debtor rarely admits to acting "with actual intent to hinder, delay, or defraud creditors or an officer of the estate", courts have considered the following factors as indicators of

5

fraudulent intent:

    (1)    the transfer was to an insider;

    (2)    the debtor retained possession or control of the property transferred after the transfer;

    (3)    the transfer was disclosed or concealed;

    (4)    before the transfer was made, the debtor had been sued or threatened with suit;

    (5)    the transfer was of substantially all of the debtor's assets;

    (6)    the debtor absconded;

    (7)    the debtor removed or concealed assets;

    (8)    the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred;

    (9)    the debtor was insolvent or became insolvent shortly after the transfer was made;

    (10)    the transfer occurred shortly before or shortly after a substantial debt was incurred; and

    (11)    the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

*Taunt v. Wojtala (In re Wojtala)*, 113 B.R. 332, 336 (Bankr. E.D. Mich. 1990) citing *In re Peters*, 106 B.R. 1 (Bankr. D. Mass. 1989); *Matter of Brooks*, 58 B.R. 462 (Bankr. W.D. Pa. 1986).

Courts also look to a number of factors to determine if a debtor's transfer was intended to hinder or delay creditors, including:

> (1) whether the transaction is conducted at arms-length; (2) whether the debtor is aware of the existence of a significant judgment or over-due debt; (3) whether a creditor is in hot pursuit of its judgment/claim and whether debtor knows this; and (4) the timing of the transfer relative to the filing of the petition. Thus while a court may, after viewing all of the relevant factors, determine that the debtor did not intend to defraud any creditor it may still reach the conclusion that the debtor did intend to hinder or delay a creditor.

*Wojtala*, 113 B.R. at 336-337.

11 U.S.C. § 727(a)(3): Concealing or Destroying Financial Information

Section 727(a)(3) of the Code provides that the court shall grant a debtor a discharge unless,

> The debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

A condition precedent to discharge is that the debtor must provide to his creditors enough information to ascertain the debtor's financial condition and to track his finances with substantial accuracy for a reasonable period in the past to the present. *Wazeter*, 209 B.R. at 227 (citing *In re Juzwiak*, 89 F.3d 424, 427 (7th Cir. 1996)). Creditors and courts are not required to speculate regarding the financial condition and history of the debtor or to reconstruct the debtor's financial affairs. *Wazeter,* 209 B.R. at 227. Intent is not an element of a Section 727(a)(3) exception to discharge. *Id.*

> A debtor is not required to keep books or records in any particular form, nor do the creditors have to establish an intent to conceal the financial condition, as long as complete disclosure is made so that the creditors are not required to guess at what actually occurred.

*United States Fid. & Guar. v. Delancey (In re Delancey)*, 58 B.R. 762, 768 (Bankr. S.D.N.Y. 1986).

The party seeking the denial of a discharge has the burden of proving the inadequacy of the debtor's records. To determine whether the debtor's records are adequate, courts examine whether the records are the type kept by a reasonably prudent debtor with the same occupation, financial structure, education, and experience. *Wazeter*, 209 B.R. at 227. "Where debtors are sophisticated in business, and carry on a business involving significant assets, creditors have an expectation of greater and better record keeping." *Union Planters Bank, N.A. v. Connors*, 283 F.3d 896, 900 (7th Cir. 2002) (citation omitted).

Once the moving party shows that there is not sufficient written evidence to ascertain the debtor's financial condition and history, then the burden shifts to the debtor to show that his failure to keep adequate records was justified in the circumstances. *Wazeter*, 209 B.R. at 227. To determine whether the inadequacy of the debtor's records was justifiable, courts look at a variety of factors, including the debtor's education, sophistication, business experience, size, and complexity of the debtor's business, debtor's personal financial structure, and any special circumstances. *Wazeter*, 209 B.R. at 230. *See also Dolin v. Northern Petrochemical Co. (In re Dolin)*, 799 F.2d 251 (6th Cir. 1986) (debtor's drug and gambling addictions did not justify his difficulty in recording his business transactions).

Courts will deny a discharge under section 727(a)(3) when there is evidence of debtor misbehavior. For example, in *Delancey*, 58 B.R. 762 (Bankr. S.D.N.Y. 1986), the debtor failed to produce records showing what he did with the proceeds from the sale of jewelry valued at over $269,000 and art valued at over $200,000. Debtor's failure to produce such records was not excused by his testimony that he simply did not maintain such records. *Id.* at 768. "The production of records to explain the disposition of substantial assets is a prerequisite to a debtor's relief from having to repay his creditors." *Id.* at 769.

<u>11 U.S.C. § 727(a)(4)(A) states:</u>

(a) The court shall grant the debtor a discharge, unless –

. . .

(4) the debtor knowingly and fraudulently, in or in connection with the case –

(A) made a false oath or account;

Section 727(a)(4)(A) bars a debtor's discharge if he knowingly and fraudulently makes a false oath or account in connection with the case. "The false oath that is a sufficient ground for

denying a discharge may consist of (1) a false statement or omission in the debtor's schedules or (2) a false statement by the debtor at an examination during the course of the proceedings." 6 COLLIER ON BANKRUPTCY ¶ 727.04[1][c] at 727-42 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2010). In order to prevail under § 727(a)(4)(A), a creditor must establish five elements: (1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew that the statement was false; (4) the debtor made the statement with the intent to deceive; and (5) the statement related materially to the bankruptcy case. *In re Zwirn*, 2005 WL 1978510 (Bankr. S.D. Fla 2005)(citations omitted).[2]

The purpose of § 727(a)(4)(A) is to "ensure 'that those who seek the shelter of the bankruptcy code do not play fast and loose with their assets or with the reality of their affairs.'" *In re Bratcher,* 289 B.R. 205, 218 (Bankr. M.D. Fl. 2003)( quoting *Boroff v. Tully (In re Tully),* 818 F.2d 106, 110 (1st Cir.1987)). Section 727(a)(4)(A) ensures that adequate information is available to the case trustee and creditors without the need for examination or investigation to determine whether the information is true. *In re Craig,* 252 B.R. 822, 828-29 (Bankr. S.D. Fl. 2000). Debtors have a "paramount duty to consider all questions posed on a statement or schedule carefully and see that the question is answered completely in all respects." *Craig,* 252 B.R. at 829 (internal quotation omitted). "Policy considerations mandate that the requirement to list all assets and liabilities is an absolute obligation of those seeking discharge of their debts." *Whitehead,* 278 B.R. 589, 594 (Bankr. M.D. Fl. 2002). "[A] debtor who fails to make a full and complete disclosure of relevant information places the right to the discharge in serious jeopardy." *Id.*

---

[2]While "a discharge may only be barred under § 727(a)(2) if the debtor's intent was to defraud a creditor or an officer of the estate, section 727(a)(4) does not so limit the objects of the debtor's fraudulent intent". 6 COLLIER ON BANKRUPTCY ¶ 727.04[1][a] at 727-40.

> The requisite intent. . . may be discovered by inference from the facts. 'A reckless disregard of both the serious nature of the information sought and the necessary attention to detail and accuracy in answering may rise to the level of fraudulent intent necessary to bar a discharge.' However a false statement resulting from ignorance or carelessness is not one that is knowing and fraudulent.

6 COLLIER ON BANKRUPTCY ¶ 727.04[1][a] at 727-40-41.

<u>11 U.S.C. § 727(a)(4)(D): Knowingly and Fraudulently Withholding Information</u>

Section 727(a)(4)(D) of the Bankruptcy Code provides that the court shall grant a debtor a discharge unless,

> the debtor knowingly and fraudulently, in or in connection with the case - - withheld information from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.

Under this section, the party objecting to discharge must show that:"(1) the withholding of documents was done by the debtor or someone for whose conduct the debtor is legally responsible; (2) was in connection with the case; (3) was withheld from an officer of the estate entitled to possession; (4) was done knowingly and fraudulently; and (5) relates to the debtor's property or financial affairs." *In re Slocombe*, 344 B.R. 529, 534 (Bankr. W.D. Mich. 2006).

Once the initial burden is met, "the Debtor must bring forth enough credible evidence to dissuade the court from exercising its discretion to deny debtor's discharge based upon the evidence presented by the objecting party." *Id.*, *citing* Fed. R. Bankr. P. 4005, and *Grant v. Sadler (In re Sadler)*, 282 B.R. 254 (Bankr. M.D. Fla. 2002).

<u>11 U.S.C. § 727(a)(5): Loss of Assets</u>

11 U.S.C. § 727(a)(5) provides that the court shall grant the debtor a discharge unless "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." The purpose

10

14-02121-dob    Doc 42    Filed 03/11/16    Entered 03/11/16 12:52:25    Page 10 of 13

of this section was explained by the court in *Kovacs v. McVay (In re McVay)*, 363 B.R. 824 (Bankr. N.D. Ohio 2006):

> This section is derived from competing concerns: (1) the trustee and creditors' right to question the debtor about their financial affairs; and (2) the knowledge that debtors will not always be completely forthcoming with information about their financial activities. Section 727(a)(5) seeks to address these competing concerns by conditioning discharge on a debtor satisfactorily explaining any prepetition diminution or loss of asset. In order to achieve this, paragraph (a)(5) requires debtors to disclose all vital information; there is no requirement of mal-intent or scienter. In addition, it does not matter under § 727(a)(5) how the loss or deficiency occurred. For example, money spent on illegal activities does not run afoul of § 727(a)(5). Section 727(a)(5) is simply concerned with the adequacy of the debtor's explanation.

*Id.*, 363 B.R. at 830-831 (citations omitted).

To satisfy her initial burden of proof, the trustee must show two things: first, that the debtor had a cognizable ownership interest in a specific asset, and second, that the debtor's interest existed at a time not too far removed from when the petition was filed. *Id.* at 831. Once the trustee has met her burden, the debtor must satisfactorily explain the loss. The standard for a satisfactory explanation under § 727(a)(5) "is one that is reasonable under the circumstances." *Id.* (quoting *Lacy Wholesale & Main Factors v. Bell (In re Bell)*, 156 B.R. 604, 605 (Bankr. E.D. Ark. 1993)). A reasonable explanation involves capacity for verification. The explanation should enable a trustee to investigate the circumstances of the loss. *Id*.

## Analysis

The Court has had the opportunity to observe both Debtors in Court often and takes that experience into account in its analysis. As stated, subsections (2) and (4) require scienter, that is a state of mind or intent in order to deny a discharge. Here, the Plaintiff argues that the Defendant acted as he did with such intent. The Court disagrees. While Mr. White is certainly convinced of his correctness of the law in instances where the Court concludes he is incorrect, and while Mr. White can be passionate in his belief of certain matters, he has not acted with the requisite intent

under (2) and (4). While the Defendant may be vocal and assert his rights with vigor, Congress has not legislated these characteristics as elements of subsection (2) and (4).

Turning to subsection (3), the Court finds that while the Defendant did not respond completely to certain requests of the Trustee, he did respond as best he could. Some information may be missing, but not enough to stop either the Trustee or creditors from ascertaining the Debtors' financial condition. The Plaintiff has not met her burden of proof as to this subsection.

As to the alleged loss of assets claimed by the Plaintiff, the Court does note that if the Debtors had taken a less litigious route, more money would have been available. For example, had the Debtors not fought FCU as they did in the Chapter 11 portion of these proceedings, FCU would not have incurred attorney fees that were added to the debt, not to mention the accrual of interest as well. While perhaps true, the Debtors believed and thought otherwise. That belief and thought process, while perhaps in error, was not completely unfounded. Also, while some assets may not be completely accounted for down to the last hand tool or personal belonging, these items alone have not harmed the estate, much less support a subsection (5) claim.

It is perhaps noteworthy to acknowledge the Plaintiff's argument that the Defendant claims an interest in a sand and gravel lease that the Plaintiff claims was terminated by a mortgage foreclosure. The Plaintiff claims the Defendant, or one of his corporations, has no such interest; the Defendant claims he does. With these facts, the Court is hard pressed to see how the Plaintiff, if correct, is harmed.

Finally, the Plaintiff argues the Defendant should be denied a discharge because he has not obeyed a lawful court order. The Plaintiff has not, however, directed the Court to any specific order or demonstrated how the Defendant has disobeyed such an order. While the Court concedes that the Defendant may not like the orders of this Court that grant relief against the Defendant, there has not

12

14-02121-dob    Doc 42    Filed 03/11/16    Entered 03/11/16 12:52:25    Page 12 of 13

been a showing of disobedience of those orders. Accordingly, the Court finds that the Plaintiff failed to meet her burden of proof as to this claim.

## Conclusion

The Plaintiff has not met her burden of proof as to any claim raised in her Complaint. The Defendant has not acted with the requisite intent as required by 11 U.S.C. § 727(a)(2) and (4). Also, the Defendant has not acted in such a manner to meet the elements of 11 U.S.C. § 727(a)(3), (5), or (6). As the Plaintiff has not met her burden of proof, the Plaintiff's Complaint must be dismissed as failing to state a cause of action.

The Court will enter an Order consistent with this Opinion.

cc: Michael White

**Signed on March 11, 2016**

                                          **/s/ Daniel S. Opperman**
                                      **Daniel S. Opperman**
                                      **United States Bankruptcy Judge**